

**OSSE**

September 12, 2012

Dr. Nathaniel Beers
Chief, Special Education
District of Columbia Public Schools
1200 First Street, NE Room 976
Washington, DC 20002

RE: State Complaint No. 011-031

**LETTER OF DECISION**

### PROCEDURAL BACKGROUND

The State Complaint Office of the Office of the State Superintendent of Education (OSSE), Division of Special Education received a State Complaint from Maria Blaeuer (complainant), against the District of Columbia Public Schools (DCPS), alleging violations in regard to implementation of a settlement agreement concerning the special education program of Quante Boyd (Student ID # 6903350801), hereinafter "student" or "child," and systemic violations of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §1400 et seq.

Complainant alleged that DCPS failed to pay reasonable and documented attorney's fees consistent with the requirements of the February 14, 2012 Settlement Agreement. The complainant also alleged that DCPS violated certain provisions of the IDEA and regulations promulgated at 34 CFR Part 300, specifically, that by delaying payment or making barriers to payment of attorneys' fees, DCPS interfered with the right of parents to be accompanied and advised by counsel at due process hearings.

On initial investigation of the complainant's allegation of a systemic violation of the IDEA's requirement on the right to counsel, OSSE found that out of 401 Settlement Agreements in the year covered by this State complaint, DCPS has waited more than 120 days to effect payment in at least 18%, or 72 cases. OSSE encourages LEAs to pay attorneys' fees promptly, but the State Complaint Office (SCO) lacks the authority to make a compliance decision with regard to this allegation. The SCO is a non-administrative, non-judicial forum, and as such, its authority is limited to determining whether any requirement of Part B or C of the Act has been violated, or whether an HOD or SA has been properly implemented. (34 CFR §§300.153, 300.152(c)(3); OSSE's District of Columbia Formal State Complaint Policy and Procedures, November 2009) The SCO does not have the authority to determine whether an LEA's general payment practices, which are wholly a matter of local policy, and not defined by the IDEA, an HOD, or an SA, are inadequate or improperly implemented such that it interferes with a parent's right to counsel.

According to 34 CFR §300.152, the State must issue a written decision that addresses each



allegation in the complaint within sixty (60) days, unless exceptional circumstances exist with respect to a particular complaint. On July 23, 2012, OSSE extended the timeline for the final decision of this complaint for 30 days due to the complexity of the issues and the number of student files under review.   Therefore, a letter of decision for this complaint is due by September 12, 2012.

The State Complaint Office for OSSE has completed its investigation of the State Complaint. This Letter of Decision is the report of the final results of OSSE's investigation.

## COMPLAINT ISSUES

The allegations raised in the complaint, further clarified by a review of documents and interviews or revealed in the course of the investigation, raised the following issues under the jurisdiction of the State Complaint Office:

1. Whether DCPS failed to pay reasonable and documented attorney's fees, consistent with the requirements of the February 14, 2012 Settlement Agreement, paragraphs twelve (12) and thirteen (13)?

## INVESTIGATIVE PROCEDURE

This investigation included interviews with the following individuals:
1. Members of the DC special education bar.
2. Director of the Office of the State Superintendent of Education's (OSSE's) Student Hearing Office (SHO)

The investigation also included review of the following documents which were either submitted by the complainant, submitted by DCPS or accessible via the Special Education Data System (SEDS):

1. June 30, 2006 DCPS Special Education Student Hearing Office Due Process Hearing Standard Operating Procedures
2. June 17, 2009-June 21, 2012 Emails from SHO to IHOs on revision of final orders.
3. October 20, 2010 Letter to Acting State Superintendent of the District of Columbia from the U.S. Department of Education regarding reconsideration of due process decisions
4. (Undated) OSSE Notice of Changes to the Standard Operating Procedures
5. January 30, 2012 SA
6. February 10, 2012 Order of Withdrawal
7. February 14, 2012 Email from DCPS Case Manager to Complainant with signed Settlement Agreement (SA)
8. February 15, 2012 Email from Complainant to DCPS explaining IHO dismissed complaint sua sponte on February 10, 2012.
9. February 21, 2012 Email and attachments from complainant to DCPS submitting billing statement

Page 2 of 7

10. March 22, 2012 DCPS Finance Cover Sheet
11. March 29, 2012 Letter to SHO formally requesting withdrawal with prejudice
12. March 29, 2012 Emails between Complainant and DCPS stating letter of withdrawal is sufficient
13. May 31, 2012 Email from DCPS to Complainant denying payment, and requiring Complainant's withdrawal notice and IHO's Order of Withdrawal to match terms of SA
14. May 31, 2012-June 7, 2012 Emails between DCPS and Complainant regarding payment
15. June 1, 2012 DCPS Guidelines for the Payment of Attorney Fees in IDEA Cases
16. August 2, 2011 Settlement Agreement
17. September 19, 2011 Order of Withdrawal, Case No. 2011-0753
18. May 31, 2012 Email from DCPS to Attorney

## ISSUE ONE: IMPLEMENTATION OF SETTLEMENT AGREEMENT

### Findings of Fact

1. The January 30, 2012 SA entitled the parent to attorney fees, and required the parent to immediately withdraw with prejudice and provide written evidence of such withdrawal to DCPS.
2. The parent signed the January 30, 2012 SA on February 9, 2012.
3. On February 10, 2012, the IHO, acting sua sponte, issued an Order of Withdrawal without prejudice.
4. On February 14, 2012, DCPS signed off on the January 30, 2012 SA.
5. On February 15, 2012, complainant alerted DCPS to the problem created by the Order of Withdrawal, and sought DCPS' guidance as to what documentation would be sufficient for billing purposes.
6. DCPS did not respond to complainant's February 14, 2012 email.
7. Complainant submitted her bill to DCPS on February 21, 2012.
8. DCPS denied payment of attorney fees on March 22, 2012.
9. On March 29, 2012, complainant sent a letter to the SHO formally withdrawing the complaint, with prejudice, and sent a copy to DCPS.
10. On May 31, 2012, DCPS stated that in addition to the request to withdraw, the HO's Order of Withdrawal must state that the complaint was dismissed with prejudice.
11. On June 5, 2012, DCPS reasserted that the HO's Order of Withdrawal must state that the complaint was dismissed with prejudice.
12. On June 7, 2012, DCPS stated that attorney fees would not be paid because the complainant's withdrawal was not immediate.

### Discussion/Conclusion

### DCPS is out of compliance with the Settlement Agreement of January 30, 2012.

In its response to the complaint, DCPS questioned whether State Complaint Office (SCO) has the authority to review matters relating to the payment of attorney fees. DCPS cited 34 CFR

Mot. for Fees Ex. 13, p. 3

§300.517(a) in support of the assertion that the SCO does not have the authority to award attorneys' fees. DCPS further stated that when reviewing the implementation of an SA, the authority of the SCO is limited to oversight of matters pertaining to the provision of special education services under Part B or C of the IDEA. OSSE agrees that the State complaint process is an informal dispute resolution process which is neither administrative nor adjudicative, and therefore, the SCO does not have the authority to award attorneys' fees.

Here, however, the SCO is not awarding attorneys' fees; rather the SCO is reviewing the implementation of a settlement agreement. Neither the IDEA, nor OSSE's District of Columbia Formal State Complaint Policy and Procedures of November 2009 limit the scope of the SCO's authority to matters pertaining to the provision of special education services under Part B or C of the IDEA. The broad scope of the State complaint procedures is, "…critical to each State's exercise of its general supervision responsibilities." (71 Fed. Reg. 46601)

An otherwise proper complaint alleging a violation of any requirement of Part B (or Part C) or failure to implement a due process hearing decision must be investigated by the SCO. (34 CFR§300.152) Written SAs are enforceable by the SEA if the state has procedures which allow it. (34 CFR§300.510(d)(2)) OSSE includes the implementation of SA's in the SCO's purview. (OSSE's District of Columbia Formal State Complaint Policy and Procedures, November 2009) Therefore, OSSE investigated the complainant's claim that DCPS failed to pay reasonable and documented attorneys' fees consistent with requirements of the January 30, 2012 SA.

On January 30, 2012 DCPS sent a written SA to the parent. Requirement 12 of the SA stated that payment of attorney fees was contingent upon submission of an invoice conforming to DCPS' attorney fee guidelines, and the parent's signature or authorization for the attorney to enter into the SA on the parent's behalf. The parent met her obligations under Requirement 12. The SA is signed by the parent, and a DCPS invoice was submitted with the billing. In its response to the complaint, DCPS did not object to the parent's performance of Requirement 12. Therefore, Requirement 12 was properly performed by the parent.

Requirement 13 of the January 30, 2012 SA stated that the parent must immediately withdraw the underlying complaint with prejudice, and that written evidence of the withdrawal must be provided to DCPS before any invoices would be processed for payment. DCPS asserts that the complainant's failure to comply with Requirement 13 of January 30, 2012 SA relieves them of the responsibility to pay attorney fees; however, at the point that DCPS signed the SA, it was impossible for the complainant to perform Requirement 13.

On February 9, 2012, the parent signed the SA and it was returned to DCPS. On February 10, 2012, the IHO, acting *sua sponte*, issued an order of withdrawal, and dismissed the complaint without prejudice. According to guidance given to IHOs from the SHO, once a Hearing Officer issues a final order, the HO is divested of jurisdiction. Any decision therein cannot be

reconsidered. OSSE's Notice of Changes to the Standard Operating Procedures states that as of October 20, 2010, once a final decision has been issued, no motion for reconsideration of conclusions of law is permissible under the IDEA. (OSSE, Undated) Once a final decision is issued, the only changes that constitute administrative correction of typographical errors are allowable. (OSSE, Undated)

On February 14, 2012, four days after the IHO dismissed the complaint and was therefore divested of jurisdiction, DCPS signed the SA and returned it to the complainant. On February 15, 2012, the complainant contacted DCPS by email and stated that she could not withdraw an already dismissed complaint, and asked whether it was sufficient for her to send a copy of the dismissal order with her invoice instead of a copy of a motion to withdraw. DCPS did not respond to the complainant's question. On February 21, 2012, the complainant emailed DCPS again, and attached the dismissal order and her invoice materials. On March 22, 2012, DCPS' Attorney Invoice Processing Team filled out the DCPS Finance Cover Sheet indicating that no attorney fees were approved. On March 29, 2012, the complainant sent a letter to the SHO formally withdrawing the complaint, with prejudice, and sent a copy to DCPS.

On May 31, 2012, in an email to complainant, DCPS stated that in addition to the complainant's withdrawal with prejudice, DCPS required the Closing Order to state that the complaint was dismissed with prejudice, stating that, "...without the proper withdrawal information in conjunction with the settlement agreement, as stated in the settlement agreement we have no other option but to deny payment of this invoice. Until we receive both your notice of withdrawal and the hearing officer order of withdrawal stating the withdrawal terms of the settlement agreement we will continue to deny this invoice." DCPS' insistence that the IHO's Order conform to the request for withdrawal amounted to an additional requirement beyond what was agreed upon in the SA. Requirement 13 of the January 30, 2012 SA did not specify that the IHO's Order needed to conform to the complainant's request for withdrawal. The SA only required written evidence of the withdrawal with prejudice.

On June 5, 2012, DCPS sent an email to the complainant which re-stated that the problem was that the HO's Order of Withdrawal did not conform to the SA. "It looks like the SA in section 13 states to withdraw with prejudice for the [student] invoice. The problem is that the HO Order of Withdrawal states dismissed without prejudice. In the case of an audit we will be asked why we allowed this to pass through. It's really unfortunate for you, understanding the HO's withdrawal prior to your submission."

On June 7, 2012, DCPS sent an email to the complainant which changed the basis for their denial of payment from nonconformance of the HO's order of withdrawal with the SA, to the complainant's failure to withdraw immediately. "In the [student] case, the requirement of ¶13 requires evidence of immediate withdrawal with prejudice. The settlement was executed on Feb 14, 2012 and your withdrawal was dated a month later, March 29, 2012. Even in the

Page 5 of 7

broadest interpretation, your withdrawal was neither immediate not even reasonably close in time to the execution of the settlement agreement."

Where an SA's required action is rendered impossible by the actions of an actor who is not subject to the agreement and not under the control of either party, OSSE reviews implementation of the required action using a reasonableness standard. Under the circumstances, complainant's delay in seeking a withdrawal was reasonable, and DCPS' refusal to pay attorney's fees is unreasonable. When alerted to the procedural difficulties posed by the IHO' closure of the case, and asked by complainant how to proceed for billing purposes, DCPS was silent. DCPS did not indicate that it would still require a withdrawal with prejudice even after the IHO had dismissed the case. Complainant was aware that the IHO no longer had jurisdiction over the complaint, and that it would serve no legal purpose to submit a request for withdrawal with prejudice, and so she did not submit such a request until it appeared that she could not get paid unless the request for withdrawal with prejudice was submitted. After complainant submitted the request for withdrawal with prejudice, DCPS added an additional requirement, that complainant provide an Order of Withdrawal which stated that the complaint was dismissed with prejudice. DCPS was aware that it would be impossible for complainant to meet the additional requirement, because the SHO's policy is that once a final decision has been issued, IHOs cannot make changes to conclusions of law. Finally, DCPS changed the reason for denying payment, insisting the withdrawal with prejudice was not immediate, and therefore not in keeping with the SA.

Therefore, DCPS is out of compliance with the Settlement Agreement of January 30, 2012.

OSSE's investigation of this complaint included communication with 21 attorneys whose clients entered into SAs with DCPS during the year covered by this State complaint. In only one instance did an attorney provide information showing that DCPS failed to implement the attorney fee provision of an SA. OSSE addresses the case here in keeping with its general supervisory duty.

In case number 2011-0753, DCPS has refused to pay attorney fees under Requirement 13 of the August 2, 2011 SA on the grounds that the, "Order of withdrawal does not state without [sic] prejudice as SA requires." The SA, however, does not require an Order of Withdrawal which states that the case is withdrawn with prejudice. Requirement 13 of the August 2, 2011 SA requires that the complaint will be withdrawn immediately, and that written evidence of such withdrawal be provided to DCPS. Here, DCPS has added two requirements that do not exist in the SA. First, there is no requirement that the withdrawal be with prejudice. Second, there is no requirement that the Order of Withdrawal conform to the parent's Notice of/Request for Withdrawal. Therefore, DCPS is out of compliance with the Settlement Agreement of August 2, 2011.

**CORRECTIVE ACTION**

DCPS is required to take the following actions:

1. To correct noncompliance with the January 30, 2012 SA, DCPS must review the complainant's bill and pay any undisputed charges by October 12, 2012.  DCPS may not use untimeliness of the request for withdrawal with prejudice or the Order of Withdrawal's lack of conformance with the SA as a reason to dispute payment.

2. To correct noncompliance with the August 2, 2011 SA, DCPS must review the attorney's bill and pay any undisputed charges by October 12, 2012.  DCPS may not use failure to withdraw with prejudice or the fact that the Order of Withdrawal does not say "with prejudice" as a reason to dispute payment.

If you have any questions regarding this report, please contact Jennifer Masoodi, Manager, State Complaints at Jennifer.Masoodi@dc.gov, or (202) 741-0479.

Sincerely,

Amy Maisterra, Ed.D., MSW
Assistant Superintendent for Specialized Education

cc:     Maria E. Blaeuer, Complainant