UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| J.T., <br><br> Plaintiff, <br><br> v. <br><br> DISTRICT OF COLUMBIA, <br><br> Defendant. | Civil Action Nos. 19-989 (BAH), <br> 22-91 (BAH) <br><br> Chief Judge Beryl A. Howell |

### MEMORANDUM OPINION AND ORDER

Plaintiff J.T. seeks attorneys' fees and costs associated with two proceedings under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3)(B)(i)(I), from the District of Columbia for her counsels' services. The Court's Memorandum Opinion, ECF 68, resolved the parties' disputes regarding the reasonableness of the requested fees and directed plaintiff to submit revised calculations of her attorneys' fees and costs consistent with the instructions in that Opinion. Plaintiff has now done so, *see* Plaintiff's Notice of Filing of New Fee and Cost Calculations ("Pl.'s Notice"), ECF No. 69, and defendant has filed objections to these revised calculations, *see* Defendant's Response to Plaintiffs' Notice of Filing of New Fee and Cost Calculations ("Def.'s Resp."), ECF No. 70. Following the resolution of these objections as discussed *infra*, plaintiff will be awarded $325,228.55 in total fees and costs.

### I.      DISCUSSION

Defendant disputes four aspects of plaintiff's revised fee and cost calculations, which are addressed and resolved *seriatim*.

1

### A. 2023 Matrix Rates Apply

First, while both parties agree that the "current" version of the Fitzpatrick Matrix rates should apply, they disagree whether that entails the application of the 2022 Matrix rates (corresponding to the year in which plaintiff's motions were filed) or the 2023 Matrix rates (corresponding to the entry of this fee award order).[1]  Generally, the authorization of payment based on the current version of a matrix's rates, as opposed to its historical rates, is justified by the need to account for the delays in payment.  Payment at a matrix's current rates approximates the appropriate adjustment for inflation and thereby simulates what the attorney would have earned had she been promptly paid at the time she performed the work.  *See Young v. Sarles*, 197 F. Supp. 3d 38, 50–51 (D.D.C. 2016).  The goal of accounting for the delay in payment is therefore better served by adopting plaintiff's requested 2023 rates, as this is the year her attorney will actually receive payment.

### B. Unsuccessful Motion As Part of Fees-On-Fees Litigation

Second, defendant objects to any billing related to plaintiff's unsuccessful Motion to Strike the DC-USAO Statement of Interest, ECF No. 60, because this motion was "summarily denied" in a minute order.  Def.'s Resp. at 2.  To be sure, this motion was a contested part of the attorney's fee litigation, and although denied, the arguments posed about the new Fitzpatrick Matrix were read, considered, and informed the reasoning in the final determination, as discussed in the Opinion.  *See* Mem. Op. at 7.  The work that went into preparing and filing that motion was therefore properly included as part of the work involved in the fees-on-fees litigation.

---

[1] The United States Attorney's Office for the District of Columbia ("DC-USAO"), which publishes the Fitzpatrick Matrix, has not yet generated the Matrix for 2023.  *See* "Attorney's Fees," U.S. Attorney's Office for the District of Columbia, *available at* https://www.justice.gov/usao-dc/civil-division (accessed Feb 3, 2023).  Plaintiff's updated fee request calculates the 2023 rates according to the methodology laid out in the Matrix's accompanying documentation.  *See* Pl.'s Notice at 1.

### C. Economic Expert Fees

Third, defendant objects to the inclusion of plaintiff's economic expert Dr. Daniel Sherman's fees as part of plaintiff's itemized costs for two reasons: (1) the IDEA does not include expert's fees as part of its authorization for courts to award "reasonable attorney's fees" pursuant to 20 U.S.C. § 1415(i)(3)(B)(i); and (2) local law does not contemplate an award of expert fees in IDEA attorney's fee litigation (even if expert fees from underlying merits litigation may be recoverable). Defendant is correct that expert fees are not recoverable under the IDEA's attorney's fee provision. *See McAllister v. Dist. of Columbia*, 794 F.3d 15, 16–17 (D.C. Cir. 2015); *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 293–94 (2006).

A separate authorization exists, however, "under District of Columbia [l]aw, [for] a Court [to] 'award reasonable expert witness fees as part of the costs to a prevailing party,' in IDEA cases." *Wright, Next Friend of J.J. v. Dist. of Columbia*, 18-cv-2818 (ABJ), 2019 WL 4737699, at \*6 (D.D.C. Sept. 28, 2019) (quoting D.C. Code 38-2571.03(7)(A)). Like the IDEA attorney's fee provision, the applicable local law requires that the rates be based on rates prevailing in the relevant community. *Id.* at \*7. Thus, notwithstanding this local statutory authorization, as in *Wright*, here plaintiff does not do enough to establish the reasonableness of Sherman's expert fees (and thus there is no need to reach defendant's argument about whether the local law distinguishes between underlying merits and fees-on-fees litigation): "[P]laintiff[] suppl[ies] [Sherman's] resume but provide[s] no further supporting documentation to establish that [his] rates 'are based on the rates prevailing in the community' for other experts providing similar services in similar cases." *Id.* (quoting D.C. Code § 38-2571.03(7)(B)). Given this "thin record," *id.*, the requested expert fee will be excluded from plaintiff's award.

**D. Fees for Unsuccessful Challenge to 2017 Hearing Officer Decision**

Finally, the parties dispute whether any attorneys' fees associated with plaintiff's ultimately unsuccessful challenge to the 2017 Hearing Officer Decision ("HOD") in federal court should be awarded. Plaintiff was previously instructed not to include these fees, on the basis that plaintiff obtained no relief in those federal court proceedings and so cannot be called a prevailing party. *See* Mem. Op. at 40 n.9. Plaintiff now contends that some of the fees incurred early in the district court litigation should nonetheless be included, because the act of filing the suit was necessary for plaintiff to obtain "stay-put" rights to keep her son at his current school pursuant to 20 USC § 1415(j). Obtaining a "stay-put" order pursuant to section 1415(j) can indeed confer "prevailing party" status on a plaintiff where that is the relief she sought. *See Douglas v. Dist. of Columbia*, 67 F. Supp. 3d 36, 41 (D.D.C. 2014) (citing *Laster v. Dist. of Columbia*, 05-cv-1875 (RMU), 2006 WL 2085394, at *3 (D.D.C. July 25, 2006)). In this case, however, plaintiff neither sought nor received an injunction pursuant to section 1415(j) in the federal court proceedings. Instead, her challenges were to the 2017 HOD's determination that the 2017 IEP was not inappropriate, and those challenges were unsuccessful. She obtained none of her desired relief in the 2017 HOD federal court action, and as a result, consistent with the prior instructions, the fees associated with that action will be excluded from plaintiff's fee award.

**II.     CONCLUSION AND ORDER**

For the foregoing reasons, upon consideration of plaintiff's Notice of Filing of New Fee and Cost Calculations, ECF No. 69, the defendant's Response to Plaintiffs' Notice of Filing of New Fee and Cost Calculations, ECF No. 70, and the exhibits attached thereto, for the reasons stated in the Memorandum Opinion, ECF No. 68, issued on January 23, 2023, it is hereby

**ORDERED** that the defendant promptly pay, by March 7, 2023, the plaintiff $325,228.55 in attorneys' fees and costs; and it is further

**ORDERED** that, for any delay in payment beyond March 7, 2023, the defendant shall be liable for post-judgment interest "calculated from the date of the entry of" this judgment at the statutory rate, 28 U.S.C. § 1961(a); and it is further

**ORDERED** that the Clerk of the Court shall close this case.

**SO ORDERED**.

**Date**: February 7, 2023

*This is a final and appealable order.*

_____
BERYL A. HOWELL
Chief Judge